**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 11, 2023

**By ECF**
Hon. John P. Cronan
United States District Court
500 Pearl Street
New York, New York 10007

**Re: United States v. Christopher Burgos et al., 22 Cr. 618 (JPC)**

Dear Judge Cronan:

The Government respectfully moves for the Court to enter the Government's proposed protective order in this case (the "Proposed Protective Order"), which is attached as Exhibit A. Defendants Surinder Singh Cheema and Michael Habib consent to entry of the Proposed Protective Order in full. Defendants Christopher Burgos and Bhupinder Singh Virk oppose the portion of the Proposed Protective Order that allows the Government to designate certain materials "Attorney's Eyes Only," but do not oppose the remainder of the Protective Order.

Federal Rule of Criminal Procedure 16(d)(1) allows the Court, upon finding "good cause," to enter protective orders that "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Good cause for a protective order exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006).

The Proposed Protective Order contains three levels of designation. "Discovery Material" is the least restrictive. Such materials may be shared freely with members of the defense team, the defendant, and prospective witnesses. The primary restriction is that it must be used solely for defending this action and shall not be posted publicly on the internet or disclosed to the media. "Attorney's Presence Only ('APO') Material" is modestly more restrictive. Materials with that designation may be shown to defendants and potential witnesses, but only in the presence of defense counsel or someone working on defense counsel's behalf. Finally, "Attorney's Eyes Only ('AEO') Material" may be reviewed only be defense counsel and those working on defense counsel's behalf, but may not be shown to (or otherwise shared with) the defendant. The Proposed Protective Order lays out a process by which defense counsel may ask the Government to de-designate APO and AEO Material and, if the Government refuses, to facilitate litigation over the Government's designation.

There is no dispute among the parties that there is good cause to allow the Government to designate materials as Discovery Material or APO Material. Nor could there be: such designations are appropriate to protect, and prevent intimidation of, potential witnesses. The Government's

investigation relied in part on individuals who voluntarily provided information to the Government or took investigative steps at the Government's direction. That investigation revealed that the defendants were part of a narcotics-trafficking operation that moved large quantities of cocaine and methamphetamine. It also revealed that members of the operation made threats of violence to one another and possessed weapons. The nature of the offense and the risk of violence and intimidation make it essential that the Government is able to ensure that certain materials that could be used to identify or intimidate witnesses is neither disclosed publicly, nor left in the possession of defendants who could misuse it.

There is also good cause for the Government to be able to designate certain discovery as AEO Material in this case. As noted above, not all members of the defendants' narcotics-trafficking operation have been arrested or charged. The Government's investigation has also relied in part on witnesses, including witnesses who have performed work on behalf of the Government. Under these circumstances, it is appropriate for the Government to designate a limited set of materials as AEO Material to preserve the integrity of any ongoing investigations.

Moreover, in the interest of assisting defense counsel prepare for a potential trial, the Government has produced certain materials that were not required to be produced pursuant to Rule 16, including some statements of witnesses and the full extractions of cellphones and iCloud accounts of co-defendants. The Government produced that material on the understanding from defense counsel that they would receive the materials on an AEO basis. Because the defense is not entitled to these materials at this stage of the litigation, and because those materials are particularly likely to lead to intimidation of witnesses or expose personal information about co-defendants, there is an added reason for the Government to be able to designate some, or all, of that material as AEO Material.

Finally, there is no prejudice to the defense from the Government's ability to apply an AEO Material designation. The Proposed Protective Order allows defense to request that the Government reconsider its designation of certain materials and to challenge the Government's designation in court, at which point the Government would bear the burden to justify the AEO designation for the material at issue. Rather than hampering the defense, the Government's ability to produce certain discovery on an AEO basis facilitates the Government efficiently producing materials to the defense—including materials that the Government may not otherwise produce at this stage of the litigation—rather than having to litigate protections in advance of every production.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_______________
Thomas Burnett/Matthew Shahabian
Assistant United States Attorneys