UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL GIAN WILLIAM HABIB,
CHRISTOPHER BURGOS,
SURINDER SINGH CHEEMA, and
BHUPINDER SINGH VIRK,

*Defendants.*

**[Proposed] Protective Order**

**22 Cr. 618 (JPC)**

Upon the application of the United States of America, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Discovery Material**. The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."

**Attorney's Presence Only ("APO") Materials.** Certain of the Discovery Material contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "APO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "APO," shall be deemed "APO Material."

**Attorney's Eyes Only ("AEO") Materials.** Certain of the Discovery Material may contain particularly private information about individuals other than the defendants or information that, if disclosed to the defendants, is highly likely to impede ongoing investigations of uncharged defendants and subject individuals to risk of harm or obstruction. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Discovery Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any sensitive material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Discovery Material, other than APO or AEO Material, may be disclosed by counsel to:

a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses and attorneys for any prospective witness for purposes of defending this action;

c. The defendants; and

d. Such other persons as hereafter may be authorized by the Court.

3. APO Material shall be treated as Discovery Material, except the defendants and prospective witnesses are precluded from possessing the APO material except when in the presence of defense counsel or an individual working on defense counsel's behalf.

4. AEO Material shall be treated as Discovery Material, except the defense shall not share any AEO Material or the content of the AEO Material with any other person, including the defendant, except for any personnel employed by or retained by counsel, as needed for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of Discovery Material, including APO and AEO Material, beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, APO and AEO Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for Discovery Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Discovery Material, including the seized ESI Discovery Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion

made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision is subject to any applicable obligations to retain client files under the New York Rules of Professional Conduct.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Discovery Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Discovery Material has been disclosed to which such persons.

9. At any time, defense counsel may seek leave from the Government to allow materials designated as APO or AEO to be shared with, maintained, retained, or kept by the defendants ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the sharing of the Requested Material with the defendants; (ii) provide defense counsel with a redacted version of the Requested Material that may be shared with the defendants; or (iii) provide defense counsel with an explanation as to why the Requested Material cannot be shared with the defendants at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government will make all practicable efforts to oblige defense counsel requests to share Requested Material.

10. In the event of any dispute as to the Government’s designation of particular disclosure material as APO or AEO Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The

Government shall bear the burden of establishing good cause for its APO or AEO designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of disclosure material as APO or AEO Material shall be controlling.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendants.

**Retention of Jurisdiction**

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

SO ORDERED:

Dated: New York, New York
June ____, 2022

____________________________________
THE HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE